IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL McCUNE,

        Plaintiff,                No. CIV S-10-2207 JAM GGH PS

    vs.                         ORDER

SATNAM SINGH

        Defendant.

_____/

        Previously pending on this court's law and motion calendar for January 26, 2012, was defendant's motion to set aside entry of default, filed December 23, 2011.  Plaintiff filed objections on December 27, 2011, and an opposition on January 11, 2012.  Plaintiff was represented by Daniel Watts.[1]  Moton Holt appeared telephonically for defendant.  Having reviewed the papers and heard oral argument, the court now issues the following order.

BACKGROUND

        On August 17, 2010, plaintiff filed the underlying complaint in this action against defendant Singh, alleging defendant violated his rights under the Americans with Disabilities Act and state law, in failing to provide full and equal access to his shopping facility by neglecting to

---

[1] This attorney stated that he worked in the law office of Lynn Hubbard, III.  He was informed at hearing that he is required to be listed on the record as counsel.

1  remove architectural barriers and provide an accessible facility.  By scheduling order of June 13,

2  2011, plaintiff's motion to amend was granted, and defendant was directed to file an answer to

3  the amended complaint within twenty-eight days.  On June 20, 2011, plaintiff filed an amended

4  complaint.  Defendant did not file a response.  On September 19, 2011, this court issued an order

5  to show cause for defendant's failure to file an answer.  Defendant was warned at that time that

6  failure to comply with the order would "result in sanctions, including the possibility of default."

7  Defendant did not respond to that order.  Accordingly, on November 17, 2011, plaintiff was

8  ordered to move for entry of default, and thereafter for default judgment.  Unbeknownst to the

9  undersigned, defendant had obtained counsel, who had filed proposed substitutions of attorney

10  on September 16 and December 23, 2011.  After default was entered and motion for default

11  judgment was filed, defendant filed the instant motion to set aside default.

12  PRELIMINARY MATTERS

13        Defendant has filed two proposed substitutions of counsel.  In light of the fact that

14  the instant motion was properly noticed before the magistrate judge, the undersigned has

15  considered it.  However, as both parties are now appearing by counsel, the referral to the

16  magistrate judge is withdrawn for any future matters.  The magistrate judge shall continue to

17  perform all duties described in Local Rule 302(c)(1)-(20).

18        As the scheduling order issued June 13, 2011, was vacated by minute order of

19  January 18, 2012, the case should be rescheduled by the district judge.

20        The motion to be relieved of entry of default, a non-dispositive matter, was

21  properly set before the undersigned pursuant to Eastern District Local Rule 302 (c)(21).

22  Therefore, the undersigned will rule on this last matter under the auspices of the above cited local

23  rule.

24  DISCUSSION

25        Default against defendant Singh was entered by the Clerk of the Court on

26  November 28, 2011, pursuant to plaintiff's request.  Defendant now moves to set aside default,

1    claiming that he was out of the country during the time of service of the default notices and did

2    not receive any of the notices.  Defendant has attached an answer to his motion to set aside entry

3    of default.  Plaintiff opposes the motion, arguing that Singh has failed to show good cause to set

4    aside entry of default.

5    LEGAL STANDARDS

6          Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for

7    "good cause."  "Good cause" requires consideration of the following factors: (1) whether the

8    defaulting party engaged in culpable conduct that led to the default; (2) whether there is a

9    meritorious defense; or (3) whether setting aside default will prejudice the other party.  Franchise

10   Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004),

11   (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.

12   2000)); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).  See also

13   TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

14         These factors are disjunctive, and the court may deny the motion if any of the

15   three factors is true.  Franchise Holding II, LLC., 375 F.3d at 926 (quoting American Ass'n of

16   Naturopathic Physicians, 227 F.3d at 1108).  The party seeking to set aside the entry of default

17   has the burden to show that these factors favor such relief.  Franchise Holding II, 375 F.3d at

18   926.  The Ninth Circuit Court of Appeals has recently stated that the rules in this regard are

19   solicitous towards movants, especially those whose actions leading to the default were taken

20   without the benefit of legal representation.  United States v. Signed Personal Check No. 730 of

21   Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

22         1.  Good Cause  The court's discretion to determine whether good cause has been

23   shown is particularly generous where the motion seeks to set aside an entry of default, rather than

24   a default judgment.  Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000); Mendoza, 783

25   F.2d at 945.  "[J]udgment by default is a drastic step appropriate only in extreme circumstances;

26   a case should, whenever possible, be decided on the merits."  Mesle, 615 F.3d at1091 (quoting

3

<u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir.1984).

Leniency in setting aside a default is especially appropriate if the attorney failed the client.  <u>Community Dental Services v. Tani</u>, 282 F.3d 1164, 1168-69 (9th Cir. 2002).

"[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default."  <u>Mesle</u>, 615 F.3d at 1092.

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for the court to exercise its discretion to set aside the default.  10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2694 (1990).  Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so.

### 2.  <u>Meritorious Defense</u>

As the burden to set aside default is not extraordinarily heavy, the moving party must allege only sufficient facts that would constitute a defense.  <u>Mesle</u>, 615 F.3d at 1094. "[T]he question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default.  []  Rather, that question "would be the subject of the later litigation."  <u>Id.</u> (quoting <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 700 (9th Cir. 2001).

### 3.  <u>Prejudice</u>

A simple delay in resolving the case is not sufficient prejudice to require denial of a motion to set aside default.  <u>TCI Group</u>, 244 F.3d at 701 (citing <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)).  "[T]he standard is whether [plaintiff's] ability to pursue his claim will be hindered."  <u>Id.</u>

\\\\\
\\\\\
\\\\\

4

APPLICATION

Singh's motion by his newly retained counsel includes a declaration,[2] stating that he was in India for a month. It also states that his employee let the notices sit and gather dust during this time. Defendant explains that he would have answered the complaint immediately if he had received the notices. He also states that since receiving the complaint, he has hired an engineer and is prepared to complete the remodeling as soon as plaintiff confirms it, but that he can not pay a case settlement since he can not afford it. At hearing, defendant's counsel indicated that he had not been served with any of the notices either, since his proposed substitutions of counsel had not yet been approved by the court.

In response, plaintiff contends that defendant's visit to India for a month does not explain why defendant did not respond to court orders spanning a two month period. The first order to show cause was issued September 19, 2011. (Dkt. no. 23.) Defendant did not respond. The next order was issued November 17, 2011, and directed plaintiff to move for entry of default. Even if plaintiff were in India for a month, he had to have been in the United States to receive at least one of the orders since both orders spanned a two month period. Furthermore, plaintiff states he sent a default letter by certified mail directly to plaintiff's personal residence in November, 2011 to ensure that it would be received by defendant. The fact that it was certified indicates that defendant did in fact receive it.

Plaintiff's response does not sufficiently take into account the potential confusion in having a substitution of counsel lay fallow in the court's files. For a good period of time it is reasonable for defendant to have thought his newly retained counsel would be taking care of litigation matters; however, counsel was not formally substituted and had no formal notice of events, much less authority to act on defendant's behalf, until the substitution was approved and he could receive electronic notice of the court's orders.

_____

[2] It should be noted that the declaration is not signed under penalty of perjury.

1    Furthermore, the fact that defendant has retained an engineer is relevant, contrary

2    to plaintiff's argument, as it demonstrates defendant's intentions to defend the action and rectify

3    any code violations.  Although these statements do not necessarily establish a completely

4    meritorious defense, the extent and degree to which code violations exist are still at issue and

5    defendants should be allowed to proceed on this partial defense.  Given the above circumstances,

6    the court finds sufficient reason to excuse the conduct of Singh which led to the default.

7    Moreover, plaintiff  has failed to show he has been prejudiced by defendant's

8    actions.  This case has been pending against defendant for seventeen months; however, a review

9    of the record indicates that plaintiff has not made significant efforts to prosecute the action.  This

10   case is just one of many brought in this district by this attorney and this plaintiff alleging ADA

11   violations by small businesses and shopping centers.  Except for its specific facts, the complaint

12   is relative boilerplate.  The only filing which plaintiff made, but which has been superseded by

13   events, is the motion for entry of default judgment.  There has been insufficient prejudice to

14   plaintiff if this case now proceeds on the merits.  Plaintiff is not hindered in any significant

15   measure by having to prove his case at this point.

16   The undersigned is not completely unsympathetic to plaintiff's protestations given

17   the passage of time.  Nevertheless, because the standard for setting aside entry of default is

18   liberal, the default should is set aside.

19   <u>CONCLUSION</u>

20   Accordingly, IT IS ORDERED that:

21   1.  Defendant's motion to set aside entry of default, filed December 23, 2011,

22   (dkt. # 29), is granted, and that Singh's answer, filed as an attachment to the motion on

23   December 23, 2011, is deemed properly filed;

24   2.  Plaintiff's motion for default judgment, filed December 20, 2011, is vacated

25   from the calendar for February 9, 2012; and

26   \\\\\

3.  Both parties now appearing by counsel, the referral to the magistrate judge is withdrawn.  However, the magistrate judge shall continue to perform all duties described in Local Rule 302(c)(1)-(20). [3]

DATED: January 26, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
McCune2207.set.wpd

---

[3]Defense counsel's substitution has (finally) been approved by contemporaneous order.