UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCUNE,<br><br>    Plaintiff,<br><br>    v.<br><br>SATNAM SINGH,<br><br>    Defendant. | No.  2:10-cv-02207-JAM-GGH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES; AND ORDER IMPOSING MONETARY SANCTIONS** |

Presently before the Court is Defendant Satnam Singh's ("Defendant") Motion to Set Aside Entry of Default, Judgment, and Award of Attorneys' Fees (Doc. # 59).  Plaintiff Michael McCune opposes the motion (Doc. #61).  Defendant did not file a reply.

    1.   Motion to Set Aside Default Judgment

Defendant seeks relief from a grant of summary judgment in Plaintiff's favor (Doc. #43) and an award of attorneys' fees in Plaintiff's favor (Doc. #52).  The Court granted summary judgment after reviewing all of the admissible evidence submitted by Plaintiff in support of his motion and determining that Plaintiff met his initial burden by showing an absence of triable material facts in this case.  Defendant did not oppose the motion and

1 therefore did not produce any evidence showing that a genuine
2 dispute of material fact existed.  Similarly, the Court granted
3 Plaintiff's motion for fees based on evidence submitted by
4 Plaintiff and his accompanying legal arguments.  This motion was
5 also unopposed.
6     Defendant's motion is not properly before the Court.
7 Defendant seeks relief from a default judgment, but no default
8 judgment was entered in this case.  Plaintiff moved for summary
9 judgment on the merits, and the Court issued a reasoned decision
10 on the merits of this case and the sufficiency of Plaintiff's
11 evidence, determining that Plaintiff was entitled to judgment.
12 The same is true of Plaintiff's motion for attorneys' fees – that
13 motion was granted on the merits of Plaintiff's motion, not
14 through default.  While the Local Rules permit a party to seek
15 reconsideration of a motion, reconsideration in that context
16 requires a party to show what new facts of circumstances support
17 a different result and why those new facts or circumstances were
18 not presented at the time of the prior motion.  E.D. Cal. R.
19 230(j).  The record currently before the Court does not satisfy
20 that standard.
21     Even if the Court's entry of judgment against Defendant
22 somehow constitutes a default judgment, his motion still fails.
23 Defendant's motion is brought pursuant to California Code of
24 Civil Procedure ("CCP") § 473(b).  The Federal Rules of Civil
25 Procedure, however, govern procedure in federal courts.  Fed. R.
26 Civ. P. 1.  Federal Rules of Civil Procedure 55(c) and 60(b)
27 apply to motions seeking relief from a default judgment.  Under
28 both rules, courts examine three factors to determine if a party

2

is entitled to relief from a default judgment: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotation and internal alterations omitted). If any one of the factors is present, relief may be denied, but default judgments are an extreme result, disfavored where a case can be decided on the merits. Id. The party seeking relief from a judgment bears the burden of showing that the factors favor vacating a judgment. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

In support of his motion seeking relief from the Court's grant of summary judgment in Plaintiff's favor, Defendant relies on two arguments. Defendant argues that he was in India because his parents were ill and he never received notice of Plaintiff's motion for summary judgment. Defendant's declaration concerning his time in India is devoid of any meaningful details such as when he was in India, for how long, or why he was unable to follow the course of the present litigation while he was out of the country. The record before the Court is simply not sufficient to determine whether the entry of judgment resulted from Defendant's own conduct, and Defendant has therefore not met his burden with respect to this factor.

Defendant also argues that he never received notice of Plaintiff's motion for fees, but the record does not support that finding. When Defendant's counsel associated with this case on

3

February 25, 2013, he gained access to the Court's electronic filing system and therefore had notice of the pending fees motion. Even a cursory review of the procedural posture of the case would have revealed that the pending fees motion was continued specifically to ensure that Defendant received proper notice and had time to obtain counsel (Doc. #52). The opposition to Plaintiff's motion was not due until April 3, 2013. Defendant does not explain why the month between his counsel's association and the deadline for the opposition was not sufficient. Defendant's motion fails because his counsel's culpable conduct caused Plaintiff's unopposed motion for attorneys' fees to be granted.

Defendant also points out that his first attorney passed away about a month after the opposition to Plaintiff's summary judgment motion was due. While an attorney's unexpected death may justify reconsideration of a motion, Defendant fails to indicate what meritorious defense, if any, he would offer in opposition to Plaintiff's motion for summary judgment if the Court were to reconsider it. TCI Group, 244 F.3d at 696. ("If, however, the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment.")

The third factor – prejudice to the nonmoving party – is not readily apparent in this case. Prejudice in this context must limit Plaintiff's ability to pursue the case, not merely delay resolution. Id. at 701. Plaintiff only argues that he would be prejudiced by being forced to relitigate his motions, not that he would be unable to do so. Nevertheless, the arguable lack of

4

prejudice is not a legally sufficient reason to grant Defendant's motion herein.

Defendant fails to show that he is entitled to relief from the grant of summary judgment and the award of attorneys' fees in this case. For this reason, his motion is denied.

2.  Monetary Sanctions

In the Court's April 15, 2013 minute order (Doc. #56), Defendant's counsel Robert McCann was ordered to show cause for failing to oppose Plaintiff's motion for fees as required by Local Rule 230(c) or pay sanctions in the amount of $150 within ten days. Mr. McCann did not respond directly to the Court's minute order, and insofar as the motion to set aside constitutes a response it is insufficient for the reasons discussed in the preceding section. The motion was also filed past the Court's 10 day deadline. The Court accordingly finds that Mr. McCann has not shown good cause for failing to oppose Plaintiff's fees motion, and he is therefore ordered to pay monetary sanctions in the amount of $150.00 to the Clerk of Court within ten (10) days.

IT IS SO ORDERED.

Dated: July 3, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE